STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
DOCKET NO. CV-2004-185
AMM - PEN - 9/17/2004

```
                                   )
KEITH TREMBLEY BUILDER, INC.,      )
a Maine corporation with its principal )
place of business in Milford, County of )
Penobscot, State of Maine,         )
                                   )
              Plaintiff            )
                                   )
       v.                          )
                                   )
DOUGLAS M. CROSBY of Eddington,    )
County of Penobscot, State of Maine, )
                                   )
JON W. GAUDET of Old Town, County  )
of Penobscot, State of Maine, and  )
                                   )
NORM'S CLEANING SERVICE, INC.,     )
a Maine corporation with a principal place )
of business at Bangor, County of Penobscot, )
State of Maine,                    )
                                   )
              Defendants           )
                                   )
```

FILED & ENTERED
SUPERIOR COURT

SEP 17 2004

PENOBSCOT COUNTY

**ORDER ON PLAINTIFF'S MOTION
FOR TEMORARY RESTRAINING
ORDER**

OCT 6 2004

Plaintiff, Keith Trembley Builder Inc. ("KTBI"), and its subsidiaries provide commercial and residential building restoration and remodeling for insurance companies in connection with loss and damage claims throughout the State of Maine. As part of the foregoing process, Plaintiff solicits bids from various liability insurance carriers in order to provide its services in the areas of restoration and remodeling.

Plaintiff and Defendant Crosby entered into an Estimator/Project or Production Manager Agreement on January 6, 2002. Plaintiff and Defendant Gaudet entered into an Estimator/Project or Production Manager Agreement on January 21, 2002. The Agreements executed by Defendants Crosby and Gaudet where identical documents.

1

As is pertinent here, as Project Estimators, Defendants Crosby and Gaudet worked with and serviced Plaintiff's existing insurance carrier clients and also contacted prospects (non-clients) to expose them to Plaintiff and to persuade them to use Plaintiff to fill their residential and commercial building restoration and remodeling needs. Defendants Crosby and Gaudet were also responsible for insuring that Plaintiff's clients were satisfied with the work provided by Plaintiff and for all billing and follow up to such services. During the term and course of their employment with Plaintiff as Project Estimators, Defendants Crosby and Gaudet apparently worked with between 15 to 20 different insurance companies.

Under the Agreements Defendants Crosby and Gaudet executed, they agreed:

(1)     not to disclose or to reveal to any other person, firm or corporation, or to use directly or indirectly, for their own benefit, or for the benefit of another, certain designated proprietary and related confidential information revealed to them by the Plaintiff during the term of their employment;

(2)     not to directly or indirectly engage in any business that was substantially the same as, substantially similar to or competitive with any business in which Plaintiff was engaged;

(3)     that, during the two-year period following the termination of their respective Agreements, they would not directly or indirectly engage in any business that was the same as, substantially similar to or competitive with any business in which Plaintiff was engaged, in any county in which Plaintiff was then or hereafter engaged in such business or in any adjacent county;

(3)     that, during the two-year period following the termination of their respective Agreements, they would not, in any geographical area in which Plaintiff engages in business,

directly or indirectly engage in any business that is the same as, substantially similar to or competitive with any business in which Plaintiff is engaged.

Defendant Crosby resigned from his employment with Plaintiff on June 24, 2004; and Defendant Gaudet resigned from his employment with Plaintiff on June 30, 2004. After resigning their employment with Plaintiff, Defendants Crosby and Gaudet each went to work for Defendant NCSI as Project Estimators in the same area of business in which they were employed by Plaintiff; specifically, as Project Estimators in connection with commercial and residential building restoration and remodeling for insurance companies in connection with insurance loss and damage claims.

Based upon the evidence provided in the verified Complaint, and exhibits thereto, and the affidavit testimony of Keith E. Trembley, President of KTBI, the Court finds that the public interest is best served by granting Plaintiff's Motion for Temporary Restraining Order. It is hereby **ORDERED** that:

1.     Defendant Crosby shall neither directly, nor indirectly through NCSI, or through and with any other employer, disclose or reveal to any other person, firm or corporation, or to use directly or indirectly, for his own benefit, or for the benefit of another, proprietary and confidential information revealed to him by Plaintiff KTBI;

2.     Defendant Gaudet shall neither directly, nor indirectly through NCSI, or through and with any other employer, disclose or reveal to any other person, firm or corporation, or to use directly or indirectly, for his own benefit, or for the benefit of another, proprietary and confidential information revealed to him by Plaintiff KTBI;

3.     Defendant Crosby shall neither directly, nor indirectly through Defendant NCSI, or through any other employer, engage generally in competition with Plaintiff in insurance

3

restoration and remodeling, or related products and services, with Plaintiff's existing customers or with new customers generated throughout his employment with Plaintiff KTBI, for a period of two years following the termination of his employment with Plaintiff on June 24, 2004;

4. Defendant Gaudet shall neither directly, nor indirectly through Defendant NCSI, or through any other employer, engage generally in competition with Plaintiff in insurance restoration and remodeling, or related products and services with Plaintiff's existing customers or with new customers generated throughout his employment with Plaintiff KTBI, for a period of two years following the termination of his employment with Plaintiff on June 30, 2004;

5. Defendants Crosby and Gaudet are further enjoined from taking or continuing to take any actions that would in any way be contrary to the above-stated conditions and prohibitions;

~~6. Defendant NCSI is enjoined from assisting in or profiting from Defendant Crosby's and Gaudet's breaches of their respective Agreements.~~

The injunction shall remain in effect until hearing and the entry of the Court's subsequent Order on Plaintiff's Motion for Preliminary Injunction set October 28, 2004 at 9:00 AM.

**SO ORDERED.**

The Clerk will enter the following in the docket: The Order, dated  September 17, 2004, is hereby incorporated in the docket by reference. This entry is made in accordance with M.R.Civ.P. Rule 79(a) at the specific direction of the Court.

Dated: _September 17, 2004_

_____
Justice, Maine Superior Court
ANDREW M. MEAD

4

KEITH TREMBLEY BUILDER INC - PLAINTIFF
P O BOX 428
OLD TOWN ME 04468
Attorney for: KEITH TREMBLEY BUILDER INC
GLEN L PORTER  - RETAINED 08/27/2004
EATON PEABODY
80 EXCHANGE ST
PO BOX 1210
BANGOR ME 04402-1210


vs
DOUGLAS M CROSBY  - DEFENDANT
311 SCOTT POINT ROAD
EDDINGTON ME 04428
Attorney for: DOUGLAS M CROSBY
TERENCE HARRIGAN  - RETAINED 09/16/2004
VAFIADES BROUNTAS & KOMINSKY
PO BOX 919
23 WATER STREET
BANGOR ME 04402-0919

Attorney for: DOUGLAS M CROSBY
PAUL BROWN  - RETAINED 09/16/2004
VAFIADES BROUNTAS & KOMINSKY
PO BOX 919
23 WATER STREET
BANGOR ME 04402-0919

Attorney for: DOUGLAS M CROSBY
EDWARD C SPAIGHT  - RETAINED 09/16/2004
VAFIADES BROUNTAS & KOMINSKY
PO BOX 919
23 WATER STREET
BANGOR ME 04402-0919

JON W GAUDET  - DEFENDANT
2323 BENNOCH ROAD
OLD TOWN ME 04468
Attorney for: JON W GAUDET
TERENCE HARRIGAN  - RETAINED 09/16/2004
VAFIADES BROUNTAS & KOMINSKY
PO BOX 919
23 WATER STREET
BANGOR ME 04402-0919

Attorney for: JON W GAUDET
PAUL BROWN  - RETAINED 09/16/2004
VAFIADES BROUNTAS & KOMINSKY
PO BOX 919
23 WATER STREET
BANGOR ME 04402-0919

SUPERIOR COURT
PENOBSCOT, ss.
Docket No  BANSC-CV-2004-00185

DOCKET RECORD

Attorney for: JON W GAUDET
EDWARD C SPAIGHT  - RETAINED 09/16/2004
VAFIADES BROUNTAS & KOMINSKY
PO BOX 919
23 WATER STREET
BANGOR ME 04402-0919


NORMS CLEANING SERVICE INC - DEFENDANT
P O BOX 2202
BANGOR ME 044022202
Attorney for: NORMS CLEANING SERVICE INC
TERENCE HARRIGAN  - RETAINED 09/16/2004
VAFIADES BROUNTAS & KOMINSKY
PO BOX 919
23 WATER STREET
BANGOR ME 04402-0919


Attorney for: NORMS CLEANING SERVICE INC
PAUL BROWN  - RETAINED 09/16/2004
VAFIADES BROUNTAS & KOMINSKY
PO BOX 919
23 WATER STREET
BANGOR ME 04402-0919


Attorney for: NORMS CLEANING SERVICE INC
EDWARD C SPAIGHT  - RETAINED 09/16/2004
VAFIADES BROUNTAS & KOMINSKY
PO BOX 919
23 WATER STREET
BANGOR ME 04402-0919


Filing Document: COMPLAINT
Filing Date: 08/27/2004

Minor Case Type: GENERAL INJUNCTIVE RELIEF

## Docket Events:

08/27/2004 FILING DOCUMENT - COMPLAINT FILED ON 08/27/2004
INJUNCTIVE RELIEF AND EQUITABLE RELIEF REQUESTED.  EXHIBIT 1 - 6 ATTACHED. JURY DEMAND.

08/27/2004 Party(s):  KEITH TREMBLEY BUILDER INC
ATTORNEY - RETAINED ENTERED ON 08/27/2004
Plaintiff's Attorney: GLEN L PORTER

08/27/2004 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 08/27/2004
TO ATTORNEY FOR PLAINTIFF.

08/27/2004 Party(s):  KEITH TREMBLEY BUILDER INC
MOTION - TEMP RESTRAINING ORDER FILED WITH AFFIDAVIT ON 08/27/2004
AND PRELIMINARY INJUNCTION BY PLAINTIFF WITH MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, AFFIDAVIT OF KEITH E.
TREMBLEY AND ATTORNEY'S AFFIDAVIT AND PROPOSED ORDER.

08/27/2004 Party(s):  KEITH TREMBLEY BUILDER INC
OTHER FILING - REQUEST FOR HEARING FILED ON 08/27/2004